**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| Lilly Pathway LLC,<br><br>　　*Plaintiff*,<br><br>v.<br><br>Georgia-Pacific LLC.<br><br>　　*Defendant*. | CIVIL ACTION NO. 4:22-cv-653-ALM<br><br><br>JURY TRIAL DEMANDED |

**DEFENDANT GEORGIA-PACIFIC LLC'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## TABLE OF CONTENTS

I. Introduction ........................................................................................................................... 1

II. Legal Standards .................................................................................................................... 2

III. Argument .............................................................................................................................. 4

    A. LP alleges that GP uses Adobe Creative Cloud. ....................................................... 5

    B. LP alleges that certain Adobe Creative Cloud functionality is infringing. .............. 6

    C. LP does not allege actual use of infringing functionality. ....................................... 8

        1. LP has not alleged infringement of the '564 method claims. ...................... 8

        2. LP has not alleged infringement of the '564 apparatus claims. ................... 9

IV. GP is Entitled to Its Fees .................................................................................................... 11

V. Conclusion ......................................................................................................................... 13

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*,
　501 F.3d 1307 (Fed. Cir. 2007) ............................................................................... 8, 9, 10, 11

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) .................................................................................................... 2, 3

*Badeaux v. BP Expl. & Prod.*,
　790 F. App'x 618 (5th Cir. 2019) ................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ................................................................................................ 2, 3, 4

*Chalumeau Power Sys. LLC v. Alcatel-Lucent Holding Inc.*,
　No. 11-1175-RGA, 2014 U.S. Dist. LEXIS 127645 (D. Del. Sept. 12, 2014) ................. 12

*eDekka LLC v. 3balls.com, Inc.*,
　Nos. 2:15-CV-541 JRG, 2:15-CV-585 JRG, 2015 U.S. Dist. LEXIS 168610 (E.D.
　Tex. Dec. 17, 2015) ................................................................................................. 11, 12

*Fernandez-Montes v. Allied Pilots Ass'n*,
　987 F.2d 278 (5th Cir. 1993) ........................................................................................... 3

*Finjan, Inc. v. Secure Computing Corp.*,
　626 F.3d 1197 (Fed. Cir. 2010) ....................................................................................... 8

*Fujitsu Ltd. v. Netgear Inc.*,
　620 F.3d 1321 (Fed. Cir. 2010) .................................................................................. 8, 10

*Funk v. Stryker Corp.*,
　631 F.3d 777 (5th Cir. 2011) ........................................................................................ 3, 4

*Garrett v. TP-Link Research Am. Corp.*,
　No. 20-cv-03491-SI, 2020 U.S. Dist. LEXIS 167790 (N.D. Cal. Sep. 14, 2020) ............ 10

*IPVX Patent Holdings, Inc. v. Voxernet LLC*,
　No. 5:13-cv-01708 HRL, 2014 U.S. Dist. LEXIS 158037 (N.D. Cal. Nov. 6, 2014) ....... 12

*LifeNet Health v. LifeCell Corp.*,
　837 F.3d 1316 (Fed. Cir. 2016) ....................................................................................... 8

*Meyers v. Textron, Inc.*,
　540 F. App'x 408 (5th Cir. 2013) .................................................................................... 6

*Mirror Worlds, LLC v. Apple, Inc.*,
　784 F. Supp. 2d 703 (E.D. Tex. 2011) ............................................................................. 8

*Mortg. Application Techs., LLC v. MeridianLink, Inc.*,
  839 F. App'x 520 (Fed. Cir. 2021) .................................................................................... 11

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  134 S. Ct. 1749 (2014) ....................................................................................................... 11

*Parallel Networks Licensing, LLC v. Microsoft Corp.*,
  Civil Action No. 13-2073(KAJ), 2017 U.S. Dist. LEXIS 59342 (D. Del. Apr. 10,
  2017) ............................................................................................................................ 10, 11

*Plotkin v. IP Axess Inc.*,
  407 F.3d 690 (5th Cir. 2005) ............................................................................................... 3

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
  No. 5:19-CV-243-H, 2020 U.S. Dist. LEXIS 166493 (N.D. Tex. Sept. 11, 2020) .............. 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ........................................................................................................ 3, 6

*Uniloc United States v. Samsung Elecs. Am.*,
  No. 2:16-cv-642-JRG, 2017 U.S. Dist. LEXIS 234910 (E.D. Tex. May 15, 2017) ............ 4

**Statutes**

35 U.S.C. § 101 .......................................................................................................................... 1, 11

35 U.S.C. § 271(a) ........................................................................................................................... 9

35 U.S.C. § 285 ............................................................................................................................. 11

**Other Authorities**

Fed. R. Civ. P. 8(a) .................................................................................................................. 1, 2, 4

Fed. R. Civ. P. 11 .......................................................................................................................... 11

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1, 2, 3, 4

Fed. R. Evid. 201(b) ........................................................................................................................ 4

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Georgia-Pacific LLC ("GP") respectfully moves the Court to dismiss with prejudice Plaintiff Lilly Pathway LLC's ("LP") Complaint against GP for failure to state a claim upon which relief can be granted.

## I.   INTRODUCTION

LP's Complaint does not meet the pleading requirements of Rule 8(a).  Instead, the Complaint merely advances boilerplate allegations with conclusory statements and formulaic recitations of legal elements.  These are set against nothing but random, unrelated screenshots describing limited features of third-party software *not owned by the named Defendant*. In fact, LP simultaneously filed nearly identical complaints against five unrelated entities. In each case, LP's allegations were not specific to the respective named defendant but, like the Complaint in this case, based on nothing more than the mere use of the same third-party software.

LP's Complaint makes fleeting references to GP's website, but those references have nothing to do with the claims of the patent at issue, and provide no factual support from which even an inference of infringement could be drawn in connection with the third-party software. The reason for LP's shotgun pleading is simple. LP has no actual knowledge, information, or belief, regarding whether GP (or any of the defendants identified in parallel litigation) actually practices the claims of U.S. Patent No. 7,715,564 ("the '564 Patent"). LP's apparent attempt to seek a quick nuisance payday from GP based on a facially deficient Complaint is objectively unreasonable. Dismissal of LP's Complaint with prejudice is warranted.[1]

LP filed its Complaint against GP on July 28, 2022 (Dkt. 1), but withheld service for approximately two months. The Complaint fails to devote a single sentence to the subject matter

---

[1] GP further submits that LP's patent is invalid pursuant to at least 35 U.S.C. § 101. GP reserves the right to make those arguments in a separate motion at the appropriate time.

of the '564 Patent—instead choosing to merely identify the title of the patent before diving into a description of third-party Adobe's (and not GP's) allegedly infringing software (Dkt. 1 ¶¶ 11 et seq.). Similarly, the entirety of LP's claim for literal infringement constitutes a handful of conclusory allegations that do nothing but recite claim language followed by generic statements regarding the functionality of third-party software (*id.* ¶¶ 20-27). LP's Complaint is—at its heart—entirely based on a single factual allegation and conclusory sentence referencing GP's website: "The Defendant uses – in their branding creation, design, and collaboration for their products, merchandise, and advertising materials – Adobe Creative Cloud [(the third party software)]" (*id.* ¶ 12).

But, as explained herein, LP fails to allege that either (1) GP's actual use of the Adobe Creative Cloud platform is infringing, or (2) any use of the Adobe Creative Cloud platform is necessarily infringing. Instead, LP's allegations—at best—amount to a claim that GP uses the third-party Adobe Creative Cloud in some capacity, and that certain limited functionality of Adobe Creative Cloud could be said to infringe the '564 Patent. The leap of faith required to connect GP's actions to any allegedly infringing conduct cannot support a claim for patent infringement. LP's Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   LEGAL STANDARDS

A well pled complaint must contain "a short and plain statement of the claim *showing that the pleader is entitled to relief*." Fed. R. Civ. P. 8(a)(2) (emphasis added). The Supreme Court has explained that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief *that is plausible on its face*.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content that allows the court to *draw the*

*reasonable inference that the defendant is liable* for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (emphasis added).

The "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. What's more, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (internal citations omitted). A court must dismiss a complaint when its factual allegations "have not nudged their claims across the line from conceivable to plausible." *Id.* at 570.

Although a court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff," a court is not required to accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Badeaux v. BP Expl. & Prod.*, 790 F. App'x 618, 620 (5th Cir. 2019) (*quoting Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Nor do naked assertions devoid of further factual enhancement." *Id.* (internal citations omitted). Stated differently, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

"When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (*quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). The Fifth Circuit has also repeatedly held that "it is clearly proper in deciding a 12(b)(6) motion

to take judicial notice of matters of public record." *Id.* (citation omitted). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id*. (citing Fed. R. Evid. 201(b)).

With respect to claims for patent infringement, it is well established that "to state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Uniloc U.S. v. Samsung Elecs. Am.*, No. 16-cv-642-JRG, 2017 U.S. Dist. LEXIS 234910, at *8-9 (E.D. Tex. May 15, 2017). Moreover, "courts may dismiss a direct-infringement claim under Rule 12(b)(6) where the plaintiff's complaint fails to allege the manner of the defendant's infringement with specificity." *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 19-CV-243-H, 2020 U.S. Dist. LEXIS 166493, at *12-13 (N.D. Tex. Sept. 11, 2020).

### III.  ARGUMENT

Not only does LP's Complaint lack merit, it fails to plead any factual support from which even an inference of infringement could be drawn. Even accepting all of the allegations of the Complaint as true and drawing all reasonable inferences in LP's favor, the Complaint is wholly deficient under Rule 8(a). Because LP is unable to put forth even the most rudimentary factual allegations that would support a basis for infringement, LP resorts to pleading only the types of labels, conclusions, and formulaic recitations of legal elements that have been repeatedly rejected by courts when evaluating the sufficiency of a complaint. *Twombly*, 550 U.S. at 555.

  A.  **LP alleges that GP uses Adobe Creative Cloud.**

In its ill-drafted Complaint, LP makes vague attempts to allege patent infringement by GP of "at least – claims 1 and 2 of the '564 Patent" in light of GP's use of third-party software.[2] LP's allegations with respect to GP's allegedly infringing conduct are limited to a single paragraph, reproduced below in its entirety:

> 12. The Defendant uses – in their branding creation, design, and collaboration for their products, merchandise, and advertising materials – Adobe Creative Cloud ("Adobe Systems").

(Dkt. 1 at ¶ 12). Following this single allegation, LP relies on a handful of purported statements that, if taken as true, establish nothing more than the mere fact that GP has used Adobe Creative Cloud:

- "Georgia-Pacific Professional improves efficiencies and speed with Adobe Creative Cloud, Adobe XD, and Adobe Stock for enterprise." (Dkt. 1 at ¶ 12);

- "'At first, we were interested in Adobe Creative Cloud just for access to critical design tools such as Adobe InDesign CC, Illustrator CC, and Photoshop CC' explains Rachel Couvillion, Sr. Manager, Graphic Design Capability at GP PRO. 'But recently, we started using Adobe Creative Cloud services to be more collaborative and efficient so that we can create more compelling sales and marketing collateral.'" (Dkt. 1 at ¶ 12); and

---

[2] The remaining Claims of the '564 Patent (Claims 3-6) are not asserted. Regardless, any allegations regarding GP's infringement of Claims 3-6 are deficient for the reasons set forth herein.

- "GP PRO could improve speed and cost efficiency while using resources more effectively. Adobe Creative Cloud became the primary design tool of choice for the marketing team." (Dkt. 1 at ¶ 12).

Importantly, LP does not allege that any use of Adobe Creative Cloud necessarily infringes the '564 Patent, nor does it allege that GP's actual use of Adobe Creative Cloud constitutes infringement.

### B. LP alleges that certain Adobe Creative Cloud functionality is infringing.

According to LP, the functionality of certain features of Adobe Creative Cloud—namely the ability to create "Shared Device Licensing" or SDL packages—infringes the '564 Patent. As explained in the Complaint, an Adobe Creative Cloud administrative user can create "end-user specific packages based upon the end-user's system information" (Dkt. 1 at ¶ 16). Then, the administrative user can "configure[] various permissions within the end-user package by selecting from a plurality of possible permissions associated with the enterprise license" (Dkt. 1 at ¶ 17). The Complaint next alleges that "a stored license package … can be translated/converted to a sharable package that can be deployed to different devices/platforms and users" (Dkt. 1 at ¶ 18).

In support of these allegations, LP relies in large part on an Adobe support article, titled "Create Shared Device Licensing packages" (Dkt. 1 at ¶¶ 15-18). This article is attached hereto in its entirety as Ex. A.[3] According to the Complaint, creation of a "Shared Device Licensing" or

---

[3] "Although a district court primarily looks to the allegations in the complaint in determining whether to grant a Rule12(b)(6) motion, there are other sources it may consider. For example, a district court may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) (explaining that when reviewing a dismissal under Rule 12(b)(6), the court may consider: (1) the pleadings and any attachment to the pleadings; (2) documents incorporated into the complaint by reference; and (3) *documents that a*

6

SDL package using the Adobe Creative Cloud enterprise software constitutes infringement of the '564 Patent (Dkt. 1 at ¶¶ 19-24).

However, LP fails to explain that *creation of an SDL package is not a necessary operation in the use of the Adobe Creative Cloud platform*. In fact, LP's own Complaint makes clear that the creation of an SDL package is not even a primary use of the allegedly infringing software (Dkt. 1 at ¶ 15 (citing Ex. A at 2-4). Creating a licensing package is an optional activity for a user of Adobe Creative Cloud. And, even when a user chooses to create a licensing package, Adobe makes clear that multiple options are available. For example, as set forth in the Complaint, an administrative user of Adobe Creative Cloud has the option to create either a "Named user Licensing" package or a "Shared Device Licensing Package" (Ex. A at 3). LP's infringement allegations are limited to the latter.



---

*defendant attaches to its motion to dismiss if those are referred to in the plaintiff's complaint and are central to the plaintiff's claim*) (emphasis added).

Adobe describes SDL packages, stating that "Shared Device License is a licensing method targeted at educational institutions where software is assigned to a device instead of an individual. Anyone who logs on to the device will have access to Adobe's products and services. This method of licensing is ideal for desktop computer labs and classrooms." (Ex. A at 1).

C.  **LP does not allege actual use of infringing functionality by GP.**

LP has alleged infringement of Claim 1 (an apparatus claim) and Claim 2 (a method claim). It is a fundamental principle of pleading in patent cases, however, that in order "[t]o infringe a method claim, a person must have practiced all steps of the claimed method." *Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 712 (E.D. Tex. 2011) (citing *Finjan, Inc. v. Secure Comput. Corp.*, 626 F.3d 1197, 1206 (Fed. Cir. 2010)).

1.  **LP has not alleged infringement of the '564 method claims.**

LP has not even attempted to plead a single instance of direct infringement with respect to the asserted method claim. *See*, *e.g.*, *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1329 (Fed. Cir. 2010) ("[I]t is not enough to simply show that a product is capable of infringement; *the patent owner must show evidence of specific instances of direct infringement*.") (emphasis added); *see also ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007) ("In order to prove direct infringement, a patentee must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit."). Nor has LP attempted to allege that "all steps of the claimed method [are] performed by or attributable to a single entity" within the United States as required by the law. *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016).

As explained above, LP alleges that "[a]n admin with [GP] has control over the Infringing Instrumentalities such that the admin ***can access*** the enterprise license and, from that license, create end-user specific packages (or sublicenses) to various operations and features of

the Infringing Instrumentalities." (Dkt. 1 at ¶ 12) (emphasis added). Later paragraphs go on to explain that "a stored license package … *can be* translated/converted to a sharable package that *can be* deployed to different devices/platforms and users" (Dkt. 1 at ¶ 18) (emphasis added).

Thus, taking the allegations in LP's Complaint as true, LP has alleged that certain Adobe Creative Cloud functionality infringes the '564 Patent. But, at no point does LP allege (nor can they allege), that GP uses the allegedly infringing functionality—i.e., nowhere does LP allege that GP uses Adobe Creative Cloud to create an SDL package. The operative question is not whether or not GP uses software that *can be* used to infringe the '564 Patent. In order to allege infringement of a method claim, LP must allege that GP has actually performed the claimed method. Under the infringement theory set forth in the Complaint, this would only occur through the creation of an SDL package. LP has not (and cannot) make this allegation.

*ACCO Brands* is particularly instructive. There, the court reversed a jury finding of direct infringement because "the record contain[ed] no evidence of actual users having operated the [accused product] in an infringing manner." *ACCO Brands, Inc.*, 501 F.3d at 1313. Here, likewise, LP's Complaint does not contain a single allegation that GP operated Adobe Creative Cloud in an infringing manner. Accordingly, the Complaint wholly fails to even attempt to allege infringement with respect to the method claims in the Asserted Patent.

        **2.**    **LP has not alleged infringement of the '564 apparatus claims.**

LP's allegations of infringement with respect to the asserted apparatus claim fare no better. To sufficiently plead a claim for direct infringement of an apparatus claim, a plaintiff must plead facts which plausibly support the assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." 35 U.S.C. § 271(a). But, the complaint is completely devoid of any allegation that GP makes, offers to sell, or

sells the accused technology, which is cloud-based software made and sold by a third party (Adobe).

Thus, any possible infringement of the apparatus claim necessarily falls under the "use" prong—a point which is further emphasized by the Complaint itself (Complaint at ¶ 12 ("The Defendant uses … Adobe Creative Cloud")). But, in order to successfully allege GP infringes the Asserted Patent through the use of Adobe Creative Cloud, LP must allege that GP actually uses the software, not just that it is capable of doing so. *Garrett v. TP-Link Rsch. Am. Corp.*, No. 20-cv-03491-SI, 2020 U.S. Dist. LEXIS 167790, at *10 (N.D. Cal. Sept. 14, 2020) (granting Defendant's motion to dismiss where Plaintiff merely alleged "that the infringing products *can be* used in an infringing manner but [did] not allege that [Defendant] has ever 'used' [the accused product] … in an infringing manner") (emphasis in original).

Moreover, although *Fujitsu* and *ACCO* refer primarily to method claims, district courts have applied their analysis equally to apparatus claims. For example, in *Parallel Networks Licensing, LLC v. Microsoft Corp.*, the court found no direct infringement of apparatus Claim 41 where the allegedly infringing software "must be configured before it can be used" and where "[i]n order to configure the product, a user must indicate that he wants to use [certain, specific functionality]." No. 13-2073(KAJ), 2017 U.S. Dist. LEXIS 59342, at *11-12 (D. Del. Apr. 10, 2017) (finding that the accused products "do not have the potential to perform each of the limitations in the asserted claims until they are supplemented with additional information or instructions from the user"). Likewise, here, LP has not even alleged that Adobe Creative Cloud infringes the '564 Patent unless it receives a specific, niche instruction from the user.

Tellingly, the court in Parallel Networks explained that "[b]ecause the accused device can be used at any given time in a noninfringing manner, the accused device does not necessarily

infringe the ... patent." *Parallel Networks Licensing*, 2017 U.S. Dist. LEXIS 59342, at *11 (citing *ACCO Brands, Inc.*, 501 F.3d at 1313). Undoubtedly, the same is also true here. LP does not allege that GP's actual use of Adobe Creative Cloud infringes the '564 Patent, and LP cannot allege that any use of Adobe Creative Cloud necessarily infringes the '564 Patent. For this reason, LP's complaint should be dismissed.

## IV.  GP IS ENTITLED TO ITS FEES

Pursuant to Fed. R. Civ. P. 11 and 35 U.S.C. § 285, GP respectfully submits that an award of its attorneys' fees is warranted in this case. LP's Complaint is frivolous and/or objectively unreasonable.

"Under 35 U.S.C. § 285 the court in exceptional cases may award reasonable attorney fees to the prevailing party. An exceptional case is one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Mortg. Application Techs., LLC v. MeridianLink, Inc.*, 839 F. App'x 520, 526-27 (Fed. Cir. 2021) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014)). "[A] case presenting . . . exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 555.

Fees are particularly appropriate where, like here, a plaintiff asserts the same baseless claims against multiple defendants for the sole purpose of extracting a nuisance value settlement. *See, e.g., eDekka LLC v. 3balls.com, Inc.*, Nos. 15-CV-541 JRG, 15-CV-585 JRG, 2015 U.S. Dist. LEXIS 168610, at *17 (E.D. Tex. Dec. 17, 2015) (finding case "exceptional" under *Octane Fitness* where plaintiff took unreasonable § 101 positions and filed "strikingly similar" lawsuits against numerous defendants); *Chalumeau Power Sys. LLC v. Alcatel-Lucent Holding Inc.*, No. 11-1175-RGA, 2014 U.S. Dist. LEXIS 127645, at *1, *9 (D. Del. Sept. 12, 2014) (awarding

11

defendant its attorney fees where plaintiff "filed a frivolous lawsuit with the sole purpose of extorting a settlement fee"); *see also IPVX Patent Holdings, Inc. v. Voxernet LLC*, No. 13-cv-01708 HRL, 2014 U.S. Dist. LEXIS 158037, at *17-18 (N.D. Cal. Nov. 6, 2014) (awarding attorney fees where "[Plaintiff] essentially prosecuted this case in assembly-line fashion . . . [and] served a boilerplate complaint on dozens of defendants.").

LP simultaneously filed nearly-identical complaints against five unrelated entities based solely on their use of the same third-party software.[4] The cases feature nearly identical complaints. Indeed, as set forth in Exhibit B, attached, beginning at paragraph 11, the GP complaint is substantively identical to the contemporaneously filed complaint against The Coca-Cola Company.

Moreover, LP's litigation counsel has previously filed hundreds of lawsuits, which have nearly always resulted in pre-answer settlements, presumably for nuisance-value amounts. Thus, as was the case in *eDekka*, *Chalumeau Power Systems*, and *IPVX Patent Holdings*, LP has filed "strikingly similar" lawsuits against multiple unrelated defendants for the sole purpose of extorting settlement fees, and has prosecuted its cases in assembly line fashion. GP is entitled to its reasonable attorney fees as recompense for having to defend against LP's baseless and unsubstantiated allegations.

---

[4] *See, e.g.*, *Lilly Pathway LLC v. Georgia-Pacific LLC*, 4-22-cv-00653 (E.D. Tex.); *Lilly Pathway LLC v. Hammerhead Off-Road, Inc. et al*, 4-22-cv-00656 (E.D. Tex.); *Lilly Pathway LLC v. Salesforce.com, Inc.*, 3-22-cv-01651 (N.D. Tex.); *Lilly Pathway LLC v. Topo Chico Mineral Water et al*, 4-22-cv-00652 (E.D. Tex.); *Lilly Pathway LLC v. Deloitte LLP*, 4-22-cv-00655 (E.D. Tex.).

## V.     CONCLUSION

GP respectfully submits that LP's Complaint fails to plead a plausible claim of infringement. Therefore, GP requests that the Court grant its Motion in its entirety and award any additional relief that the Court deems just and proper.

Respectfully submitted, October 6, 2022.

/s/ *Keith E. Broyles*
Keith E. Broyles
Ga. Bar No. 090152
Thomas Finch
Ga. Bar No. 637008
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
E-mail:  keith.broyles@alston.com
E-mail:  thomas.finch@alston.com
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777

*Counsel for Defendant Georgia-Pacific LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 6, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

                                        /s/ *Keith E. Broyles*
                                        Keith E. Broyles